UNITED STATES BANKRUPTCY COURT
SOUTHERN DIVISION OF NEW YORK

——————————————————————x
**In Re:**                                                **Chapter 13**

**Gina Valle**                                **Bankruptcy Case # 09-24254**
——————————————————————x    **Adversary Case No**
**Gina Valle**
    **Plaintiff,**
**Vs**

**Bank of America**
    **Defendant.**
——————————————————————x

**Complaint Seeking Damages in Core Adversary Proceeding
For Violation of RESPA**

**Introduction**

1.      This is an action for statutory, actual and punitive damages filed by the debtor pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

**Jurisdiction and Venue**

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of New York on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship

Act of 1984.

4. This court has supplemental jurisdiction to hear all state law claims pursuant. to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8. The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 in the above-captioned case, having filed on December 2, 2009.

9. The Plaintiff is a natural person residing at 4 Raleigh Drive, New City, NY 10956

10. The Defendant, Bank of America has a corporate office which is located at 100 N Tryon Street Suite 220, Charlotte, NC-28255 and does business in this district.

**Factual Allegations**

11. On May 4, 2006 Plaintiff took a Mortgage with Household Finance Realty Corporation of New York in amount of $512,000.00. The Mortgage was assigned on or about

April 1, 2009 to Bank of America.

12. The mortgage account is now being serviced by Bank of America with Loan No. 73097462.

13. The Plaintiff believes that she is being charged unauthorized late fees, that her payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

14. The Plaintiff took these matters up with her attorney as she believed she was current on the payments. The debtor's attorney sent a "Qualified Written Request" by US Postal Service Certified Mail to American Home Mortgage Servicing Inc., in CHARLOTTE, NC 28255. pursuant to the Real Estate Settlement Procedures Act on or about September 17, 2009.

. 15. The Defendant received the "Qualified Written Request" on September 20, 2009 according to USPS tracking number.

16. Defendant did not acknowledge the receipt of the "Qualified Written Request" by, October 10, 2009 twenty days after its delivery.

17. Defendant did not respond to the "Qualified Written Request" by November 16 2009, sixty days after its receipt.

18. As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtors' attorney, or with the debtor to respond to or acknowledge the aforesaid Qualified Written Requests regarding the subject account.

**Claim 1: Violation of RESPA**

19. The allegations in paragraphs 1 through 18 of this complaint are realleged and

incorporated herein by this reference.

20. The Defendant is the assignee, of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code. Assignment recorded 02/20/08 in the Rockland County Clerk Office as Instrument Number 2006-00030499.

21. The "qualified written requests" was not acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

22. The Defendant did not, within 60 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

23. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the mortgage.

24. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

**Claim 2: Breach of Contract**

25. The allegations in paragraphs 1 through 24 of this complaint are realleged and incorporated herein by this reference.

26. Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to the note dated.

27. As a direct proximate thereof Plaintiff has suffered losses.

## Claim 3: Negligence

28. The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29. Defendant negligently did not respond to the "Qualified Written Request". Defendant negligently misapplied payments and has done this without the protection of the law.

30. As a direct proximate thereof Plaintiff has suffered losses.

WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the underlying debt to American Home Mortgage Servicing Inc. be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the

United States Code; and

F. That this Court order the Defendant to pay to the Plaintiff their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: December 14, 2009
Spring Valley, New York

      __/s/ Joshua N. Bleichman
Joshua N. Bleichman
Law Office of Bleichman & Klein
Attorney for Plaintiff
268 Route 59
Spring Valley, NY 10977
(845) 425-2510